RECEIVED
IN ALEXANDRIA, LA.

JAN 2 5 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY J. SCHOUEST #84555 | DOCKET NO. 12-CV-1438; SEC. P |
| VERSUS | JUDGE DRELL |
| RANDY MAXWELL, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Jeremy J. Schouest filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Lafourche Parish Detention Center in Thibodaux, Louisiana. He complained that he was denied adequate medical care at the Concordia Parish Correctional Center. He named as defendants Sheriff Randy Maxwell and Debra Cowen. In responding to an order to amend issued by this Court, Plaintiff returned a form naming as additional defendants Lafourche Parish Sheriff Craig Webre and Lafourche Parish Detention Center Warden Cortrell Davis.

*Factual Allegations*

Plaintiff claims that, prior to his arrival at the Concordia Parish jail, he suffered injuries to his neck and/or back when he wrecked a four-wheeler and fell through a metal roof. In an amended complaint [Doc. #15] Plaintiff states that he was a trustee in Lafourche Parish at the time of his injury.

Plaintiff states that he was arrested on January 26, 2012, and was incarcerated in Lafourche Parish. He was transferred to Concordia Parish Correctional on or about February 3-4, 2012. Plaintiff states that, prior to his February 2012 transfer to

Concordia, he was prescribed and provided Tramadol, Flexeril, and Neurontin.[1]

On May 24, 2012, Plaintiff requested medical treatment for headaches. He states that he was denied treatment, but he was moved to a bottom bunk. [Doc. #16, p.3-4]

*In May 2012, Plaintiff was transferred back to Lafourche Parish Detention Center.* Plaintiff requested medical treatment at Lafourche on June 6, 2012[2], June 28, 2012[3], and July 22, 2012.

Plaintiff states that he was transferred from Lafourche to Marksville on an unspecified date and then "shipped back" (presumably to Lafourche) on September 10, 2012.

Plaintiff sought treatment at Lafourche again on October 2 and 22, 2012, and was told that he "is on the list to see provider which I see but does nothing for me." [Doc. #15, p.5] Plaintiff states that he has been told, "This is a chronic complaint that you receive medication for: If you feel that your condition worsens you have to discuss it with the provider."

### Law and Analysis

1.   Randy Maxwell & Debra Cowen

---

[1] Plaintiff does not state the date on which he was prescribed this medication nor does he identify the prescribing physician.

[2] He states, "Denied medical treatment. Request returned. I have been referred to Dr." [Doc. #15, p.4]

[3] He states that his request was denied but that he was still waiting to go to the hospital." [Doc. #15, p.4]

Plaintiff names as defendants Randy Maxwell and Debra Cowen. Because he presented no allegations involving these defendants, he was ordered to amend his complaint to state how each defendant violated his constitutional rights. In his amended complaint, Plaintiff still failed to present any factual allegations involving Maxwell or Cowen. He alleges that he was transferred to Concordia in February 2012. He was taking Tramadol, Flexeril, and Neurontin. On May 24, 2012, Plaintiff requested medical treatment for headaches. He states that he was denied treatment, but he was moved to a bottom bunk. [Doc. #16, p.3-4] In May 2012, Plaintiff was transferred back to Lafourche.

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v.

3

Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Plaintiff has not alleged any acts or omissions by Maxwell or Cowen. Nor has he alleged that he was exposed to a substantial risk of harm or that Maxwell or Cowen acted with deliberate indifference. He was on three medications, and he received a lower bunk pass. Plaintiff's disagreement with the course of treatment does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

2. Lafourche Detention Center Defendants

Almost all of Plaintiff's allegations in his amended complaint occurred while he was at Lafourche Parish Detention Center. Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. See Jones v. Bales, 58 F.R.D. 453 (N.D.Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) any defendant resides, if all defendants reside in the same State, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. Except

for the one allegation discussed above, all of Plaintiff's claims involve Lafourche Parish defendants and took place in Lafourche parish. The Western District of Louisiana is not the proper district for suing individuals in Lafourche Parish. To the extent Plaintiff wishes to pursue the claims raised in his amended complaint [Doc. #15], he should file suit in the Eastern District of Louisiana.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against Randy Maxwell & Debra Cowen be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A. Plaintiff's claims against Lafourche Parish Sheriff Craig Webre and Lafourche Parish Detention Center Warden Cortrell Davis should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's filing suit in the proper venue.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely**

objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE